NIGHT BOX
FILED
SEP 04 1996
CARLOS JUENKE
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | No. 96-341-Cr-LENARD(S)(S) |
| ) | |
| SALVADOR MAGLUTA ) | |

MOTION TO DISMISS COUNTS VI AND VII
OF SECOND SUPERSEDING INDICTMENT
AND INCORPORATED MEMORANDUM OF
LAW

Now comes the defendant Salvador Magluta in the above-captioned case and respectfully moves that this Honorable Court dismiss Counts VI and VII of the Second Superseding Indictment.

As reason therefor, defendant states:

1.   Counts VI and VII of the Second Superseding Indictment charge a single violation of 18 U.S.C. §1028 in two separate counts.

2.   These counts are, therefore, multiplicitous, in violation of defendant's right to due process of law and of his right under the Double Jeopardy Clause to be free from multiple punishments for the same offense.

As further reason therefor, defendant refers this Court to the Memorandum of Law incorporated herein.

Pursuant to Local Rule 88.9, the undersigned counsel has previously conferred with the government regarding various substantive motions to dismiss counts of the indictment, and the government has uniformly opposed the granting of such motions.

1

*MEMORANDUM OF LAW*

18 U.S.C. §1028(a)(3) provides:

> (a) Whoever, in a circumstance described in subsection (c) of this section-
> ....
> (3) knowingly possesses with intent to use unlawfully or transfer unlawfully five or more identification documents (other than those issued lawfully for the use of the possessor) or false identification documents;....

Subsection (c) prescribes the requisite jurisdictional bases of the offenses, at least one of which must be met as to each identification document[1] charged:

> The circumstance referred to in subsection(a) of this section is that-
> (1) the identification document or false identification document is or appears to be issued by or under the authority of the United States...;
> (2) the offense is an offense under subsection(a)(4) of this section;[2] or
> (3) the production, transfer, or possession prohibited by this section is in or affects interstate or foreign commerce, or the identification document, false identification document...is transported in the mail in the course of the production, transfer, or possession prohibited by this section.

The §1028 charge originally appeared as Count VI of the Superseding Indictment. The former Count VI charged a single

---

[1] "Identification document" is defined in §1028(d)(1) as "a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State, a foreign government, a political subdivision of a foreign government, an international governmental or an international quasi-governmental organization which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals."

[2] Subsection(a)(4) criminalizes the knowing possession of an identification document, other than one issued lawfully for the use of the possessor, or a false identification document, with the intent that such document be used to defraud the United States.

2

violation of §1028(a)(3), (c)(3) which incorporated all the identification documents now listed in Counts VI and VII of the Second Superseding Indictment. In new Counts VI and VII, the government has subdivided former Count VI into two separate counts under §1028(a)(3), Count VI alleging a subsection (c)(3) jurisdictional basis as to the state driver's licenses and foreign passports previously encompassed within Count VI and Count VII alleging a subsection (c)(1) jurisdictional basis as to the social security cards and United States passport formerly charged in Count VI.

As to Count VI of the Superseding Indictment, defendant Magluta had filed a Motion to Dismiss Count VI for Lack of Federal Subject Matter Jurisdiction and Incorporated Memorandum of Law, asserting that 18 U.S.C. §1028(a)(3), (c)(3), exceeded the power of Congress under the Commerce Clause, United States Constitution, Art. I, §8, and was, therefore, invalid.[3] He therefore assumes that the government's division of former Count VI into one count asserting a subsection(c)(3) jurisdictional basis as to state and foreign documents and another alleging a subsection(c)(1) jurisdictional basis as to United States government documents was, at least in part, a response to the defendant's motion. It was not, however, a permissible response -- the possession of five or more identification documents does not become two different offenses simply because federal

---

[3]That motion remains fully applicable to Count VI of the Second Superseding Indictment.

3

prosecution of one subset of the documents is predicated upon a different subsection(c) jurisdictional basis than is the other subset. Rather, it is the knowing possession of a minimum of five identification documents with the intent to use them unlawfully which constitutes the offense, provided each document charged satisfies a subsection(c) "circumstance." The fact that the government relies upon two subsection(c) "circumstances" to validate the federal prosecution of the offense does not create two separate §1028 offenses. Counts VI and VII are, therefore, multiplicitous.

"The rule against multiplicity stems from the 5th Amendment to the Constitution which forbids placing a defendant twice in jeopardy for one offense. The rule prohibits the government from charging a single offense in several counts and is intended to prevent multiple punishments for the same act." *United States v. Kimbrough*, 69 F.3d 723, 729 (5th Cir. 1995), *cert. denied*, 1996 WL 163913 (1996).

> When the government charges a defendant in multiplicitous counts, two vices may arise. First, the defendant may receive multiple sentences for the same offense. Second, a multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several crimes - not one.

*United States v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991), *cert. denied*, 503 U.S. 960 (192). Whether an indictment is multiplicitous turns on the determination of what Congress intended to be the allowable "unit of prosecution" under the particular statute in question. *See, e.g., id.* at 801.

The elements of the §1028(a)(3) offense are (1) the knowing

4

possession (2) with intent to use or transfer unlawfully (3) five or more identification documents or false identification documents, (4) in a jurisdictional circumstance described in subsection(c). *See, e.g., United States v. Gros*, 824 F.2d 1487, 1494-95 (6th Cir. 1987). *Cf. United States v. Rohn*, 964 F.2d 310 (4th Cir. 1992). In other words, the government must prove that five or more of the documents charged under (a)(3) were intended for unlawful use *and* satisfied one of the (c)(3) jurisdictional prerequisites. *See United States v. Gros*, 824 F.2d at 1495. The "unit of prosecution" is, therefore, defined by the five or more documents that constitute the (a)(3) offense and *not* by the subsection(c) jurisdictional bases. Section 1028 defines six offenses in subsections(a)(1)-(a)(6), and it is those subsections -- and *not* the three sections of subsection(c) -- that define the unit of prosecution under §1028. Subsection(c) does not create three different units of prosecution; it simply defines the circumstances under which particular identification documents may be included within the five or more documents necessary to support a prosecution under subsection(a)(3).

*CONCLUSION*

For all the foregoing reasons, Counts VI and VII of the Second Superseding Indictment must be dismissed.

Respectfully submitted,
By their attorneys,

Martin G. Weinberg  /KH
(Mass. Bar #519480)
OTERI, WEINBERG & LAWSON
The Statler Building
20 Park Plaza, Suite 905
Boston, MA 02116
(617) 227-3700

Roy Black  /KH
(Fla. Bar #126088)
201 S. Biscayne Boulevard
Suite 1300
Miami, FL 33131
(305) 371-6421

*CERTIFICATE OF SERVICE*

I hereby certify that on this 4th day of September, 1996, I served a copy of the foregoing document, via Federal Express, to: Michael Patrick Sullivan, AUSA, 99 N.E. 4th Street, Miami, Florida 33132.

Kimberly Homan