FILED BY _____ D.C.

97 JAN 28 PM 3:59

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. <u>96-341-CR-LERNARD(s)s)</u> |
| ) | |
| v. ) | <u>MOTION FOR ORDER IN LIMINE</u> |
| ) | |
| SALVADOR MAGLUTA. ) | |
| _____) | |

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorneys, and requests this Honorable Court for an Order in Limine instructing the Attorneys for the Defendant to refrain from making any direct or indirect mention whatsoever, including opening and closing arguments, at trial before the jury of the matters hereinafter set forth, without first obtaining permission from the Court outside the presence and/or hearing of the jury, on the grounds that the said matters are incompetent, irrelevant, or immaterial to the issues involved herein, and will serve only to unfairly prejudice the jurors against the government. The subject matters in question are:

(1) Defendant's acquittal in <u>United States v. Salvador Magluta</u>, Case No. 91-6060-Cr-Moreno;

(2) The Government's motivation for instituting charges in the instant case and the defense of selective prosecution;

(3) Jury nullification defense.

As grounds in support thereof, the government asserts the following. A basic tenet is that evidence of a defendant's previous judgment of acquittal is inadmissible. <u>United States v.</u>

Sanchez, 992 F.2d 1143 (11th Cir. 1993). Thus courts have held that trial courts were well within their discretion in excluding this inadmissible evidence of a prior acquittal on hearsay, relevancy, and Rule 403 grounds. Sanchez at 1160; United States v. Irvin, 787 F.2d 1506, 1516-17 (11th Cir. 1986); United States v. Kerley, 643 F.2d 299, 300-01 (5th Cir. 1981).

In an attempt to justify the admission of this otherwise inadmissible testimony, defendant submits that he seeks admission of Magluta's prior acquittal in the drug case before Judge Moreno solely to establish the extreme prejudice and bias on the part of witnesses David Borah, Keith Braynon, and George Plasencia caused by defendant's acquittal. Defendant's effort to introduce this evidence lacks any evidentiary or legal basis, and should be denied.

As a threshold matter, these witnesses harbor no illicit or improper motives in testifying in the instant case. Special Agent Dave Borah of the DEA will testify as a custodian. He will introduce the various evidentiary items seized from Magluta's residence at 96 LaGorce Circle on October 15, 1996, pursuant to a federal search warrant. See Government's Exhibit List. Agent Borah has already testified under oath to the seizure of these items during the Magluta drug trial in October of 1996, months before the acquittal of Magluta and the resulting indictment in the case at bar. His testimony will not vary to any significant degree in this case. Furthermore, Agent Borah had no role in the institution of these criminal charges against defendant.

Therefore, cross-examination of the agent will not reveal the information sought by defendant as to motive, bias, or prejudice resulting from the acquittal.[1]

Likewise, Deputy Marshal Braynon and Metro Dade Sergeant Plasencia have already testified concerning the arrest of defendant in 1991 and 1988, respectively, and the existence of the outstanding warrants for defendant. Their expected testimony is not of the nature which is subject to shading or variance due to bias or any other motive. To permit defense counsel to raise the specter of the outcome of the previous trial in no way advances any legitimate goal as advanced by the defense, other than to prejudice the jury against the government, or confuse and mislead them as to the facts and issues to be decided in this case.

Thus, this Court should preclude defendant's proffered cross-examination into this area. This conclusion is supported by the former Fifth Circuit in the case of <u>United States v. Burke</u>, 495 F.2d 1226 (5th Cir.), <u>cert. denied</u>, 419 U.S. 1079 (1974), wherein the court ruled that there was no error in the district court's preclusion of the type of cross-examination sought by defendant. In <u>Burke</u>, the court held that where defendants were unable to show any material differences from a previous state trial in which the defendant was acquitted, or any other way in which the witness' testimony was biased by the state trial, the trial court properly

---

[1] The government submits that rather than question the witness before the jury and interject extremely prejudicial and inadmissible information, the defense should be required to voir dire the witness outside the presence of the jury to determine if the government's representations are correct.

3

refused to permit defendants to show bias by introducing statements by the witness after defendant's acquittal that the witness was unhappy with and skeptical of that trial's outcome. Burke, at 1233.

If defendant were permitted to conduct the cross-examination which he desires, in redirect examination the witnesses would properly be able to justify their actions in the previous trial and testimony in this case by commenting on the results of their investigation implicating defendant in major narcotics trafficking, which would only further delay and potentially mislead the jury from their proper focus in this case.

In sum, the subject evidence lacks probative value regarding the issues in this case, and would serve only to prejudice the jury against the government, and confuse and mislead them. Defendant's proposed cross-examination would necessarily open up the entire subject of defendant's previous drug trial for the jury's consideration.

WHEREFORE, the government requests that this Honorable Court grant its Motion in Limine.

Respectfully submitted,

WILLIAM A. KEEFER
UNITED STATES ATTORNEY

By: _____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 588040
99 N.E. 4th Street, Suite 700
Miami, Florida 33132
Tel. (305) 536-6524

_____
MICHAEL P. SULLIVAN
ASSISTANT UNITED STATES ATTORNEY
Senior Litigation Counsel
FLORIDA BAR No. 134814

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 28th day of January, 1997 to Roy Black, Esquire and Martin G. Weinberg, Esquire.

_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY